IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **VINCENT KERNS, #04091037,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:05-CV-0438-K |
| | ) | |
| **MD. STEVEN P. BOULERS, et al.,** | ) | |
| Defendants. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a civil rights action brought by a county inmate pursuant to 42 U.S.C. § 1983.

Parties: Plaintiff's address or place of confinement is presently unknown. He was incarcerated at the Dallas County Jail in Dallas, Texas, at the time of filing this action. Defendants are Dr. Steven P. Boulers, Practice Manager Mark E. Miller, Dr. Flanigan, Capt. S. Carter Jones, and UTMB Vice President Ben G. Raimer. The court has not issued process in this case.

Findings and Conclusions: On March 14, 2005, the magistrate judge issued a notice of deficiency and order to Plaintiff. The order notified Plaintiff that his request to proceed *in forma pauperis* did not include a certified statement of the balance in his inmate trust account for the

six-month period preceding the filing of the complaint. The deficiency order then directed Plaintiff to cure the deficiency within thirty days and cautioned him that failure to comply with the order would result in a recommendation that the complaint be dismissed for failure to prosecute.

On April 1, 2005, the deficiency order was returned to the court with the notation "return to sender, not in Dallas County Jail." Apparently Plaintiff was discharged from custody or transferred to another penal unit between the date on which he filed his complaint and the date on which the magistrate judge's order was returned as being undeliverable. As of the date of this recommendation, Plaintiff has neither notified the court of his current address, nor complied with the March 14, 2005 order.

Rule 41(b), of the Federal Rules of Civil Procedure, allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. Larson v. Scott, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." Boudwin v. Graystone Ins. Co., Ltd., 756 F.2d 399, 401 (5th Cir. 1985) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 82 S.Ct. 1386 (1962)). Because Plaintiff has been given ample opportunity to remedy the deficiency in his motion for leave to proceed *in forma pauperis*, but has refused or declined to do so, this action should be dismissed for lack of prosecution.

RECOMMENDATION:

For the foregoing reasons, it is recommended that this action be dismissed without prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

A copy of this recommendation will be mailed to Plaintiff.

Signed this 10th day of May, 2005.

*[signature: Wm. F. Sanderson, Jr.]*

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE


NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.